IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EMEL SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 06-3146-KHV |
| **L. E. BRUCE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Emel Smith, *pro se*, brings suit against L.E. Bruce, warden of the Hutchinson Correctional Facility, Aramark, Inc. and Doug Neuschafer, Aramark's food service manager, alleging violations of the First, Eighth and Fourteenth Amendments. This matter comes before the Court on the Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. #18) which Bruce filed January 29, 2007, and the Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. #20) which Aramark and Neuschafer filed February 1, 2007. Plaintiff has not responded. For reasons stated below, the Court sustains the motions in part.

Plaintiff alleges that while he was incarcerated at the Hutchinson Correctional Facility, defendants violated the First, Eighth and Fourteenth Amendments by serving him gelatin containing animal by-product.[1]

**I.  Plaintiff's First Amendment Claim**

Plaintiff alleges that defendants violated his First Amendment right to free exercise of religion by serving him gelatin containing animal by-product which is inconsistent with his vegetarian diet and religious beliefs. Defendants argue that the Court should dismiss the claim because plaintiff has not

---

[1] The complaint does not reveal how many times defendants served plaintiff gelatin.

alleged that defendants engaged in regulatory practices which denied him the opportunity for a vegetarian diet or access to religious facilities and materials.

It is well established that a prisoner has a First Amendment right to a diet conforming to his sincerely-held religious beliefs. Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002). Defendants do not challenge the sincerity of plaintiff's beliefs, and the allegations of the complaint clearly state that defendants did not accommodate the vegetarian diet which plaintiff requested in accordance with his religious beliefs. Specifically, plaintiff alleges that defendants denied him the opportunity for a vegetarian diet by continuing to serve him gelatin after he complained to Neuschafer that the gelatin was inconsistent with his vegetarian diet and religious beliefs because it contained animal by-products. These allegations are sufficient to state a claim under the First Amendment, and the Court therefore overrules the motions to dismiss plaintiff's First Amendment claim.

**II.     Plaintiff's Eighth Amendment Claim**

Plaintiff alleges that defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by denying him a vegetarian diet. Under the Eighth Amendment, a prisoner must be provided humane conditions of confinement guided by contemporary standards of decency. Gross v. Koury, 78 Fed. Appx. 690, 693 (10th Cir. 2003) (citing Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996)). The Tenth Circuit has foreclosed plaintiff's claim, however, by holding that "the mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim." LaFevers v. Saffle, 936 F.2d 1117, 1120 (10th Cir. 1991). Accordingly, the Court sustains the motions to dismiss plaintiff's Eighth Amendment claim under Rule 12(b)(6).

**III.    Plaintiff's Fourteenth Amendment Claim**

Plaintiff alleges that defendants violated the equal protection clause of the Fourteenth

Amendment by denying him a vegetarian diet.  Under the equal protection clause of the Fourteenth Amendment, a prisoner may not be denied a reasonable opportunity to pursue religious beliefs comparable to the opportunity afforded fellow prisoners who adhere to conventional religious beliefs. Cruz v. Beto, 405 U.S. 319, 322 (1972).  Here, plaintiff has not alleged that he was treated differently from other prisoners who were similarly situated, and therefore he has not stated an equal protection claim under the Fourteenth Amendment.  Neal v. Lewis, 414 F.3d 1244, 1248 (10th Cir. 2005). Accordingly, the Court sustains the motions to dismiss plaintiff's Fourteenth Amendment claim under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. #18) which Bruce filed January 29, 2007 be and hereby is **SUSTAINED IN PART**.  Plaintiff's Eighth and Fourteenth Amendment claims against Bruce are dismissed.  Plaintiff's First Amendment claim remains in the case.

**IT IS FURTHER ORDERED** that the Motion To Dismiss Pursuant To Rule 12(b)(6) (Doc. #20) which Aramark and Neuschafer filed February 1, 2007 be and hereby is **SUSTAINED IN PART**.  Plaintiff's Eighth and Fourteenth Amendment claims against Aramark, Inc. and Neuschafer are dismissed.  Plaintiff's First Amendment claim remains in the case.

Dated this 23rd day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge