## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EMEL SMITH,                              )
                                         )
                    Plaintiff,           )
                                         )         **CIVIL ACTION**
v.                                       )
                                         )         **No. 06-3146-KHV**
L. E. BRUCE, et al.                      )
                                         )
                    Defendants.          )
_____)

### MEMORANDUM AND ORDER

     Emel Smith, *pro se*, brings suit against L.E. Bruce, warden of the state correctional facility at Hutchinson, Kansas, Aramark, Inc. ("Aramark") and Doug Neuschafer, Aramark food service manager, alleging violation of the First Amendment.[1]  This matter comes before the Court on the <u>Motion For Judgment On The Pleadings</u> (Doc. #28) which Bruce filed April 4, 2007.  Plaintiff has not responded.  For reasons stated below, the Court sustains the motion in part.

### Legal Standards

     A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  <u>See</u> <u>Atl. Richfield Co. v. Farm Credit Bank</u>, 226 F.3d 1138, 1160 (10th Cir. 2000); <u>Mock v. T.G. & Y.</u>, 971 F.2d 522, 528 (10th Cir. 1992).  A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>GFF Corp. v. Associated Wholesale Grocers, Inc.</u>, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court accepts as true

---

[1]     The Court previously dismissed plaintiff's claims under the Eighth and Fourteenth Amendments for failure to state a claim on which relief can be granted.  <u>See</u> <u>Memorandum And Order</u> (Doc. #26) filed March 23, 2007 at 3.

all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff.  See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987).  In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Because plaintiff proceeds *pro se*, the Court will liberally construe his complaint.  See Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991).

### Factual Background

Plaintiff's claim against Bruce is summarized as follows:

While plaintiff was incarcerated at Hutchinson, Aramark served him gelatin which contained animal by-product that did not conform with the vegetarian diet which he maintained as part of his religious beliefs.[2]  On March 4, 2004, plaintiff filed a grievance against Aramark complaining of the gelatin.  Bruce responded by stating that the gelatin conformed with dietary standards set forth by the Kansas Department of Corrections and that no action should be taken.  Plaintiff's claim against Bruce is premised on this failure to act, which allegedly constitutes reckless disregard, deliberate indifference and/or malicious intent.  Plaintiff brings suit against Bruce in his official and individual capacities under 42 U.S.C. § 1983, alleging violation of the First Amendment right to free exercise of religion.

### Analysis

Bruce argues that he is entitled to judgment on the pleadings because (1) the Eleventh Amendment doctrine of sovereign immunity bars plaintiff's official capacity claim, and (2) plaintiff has

---

[2]    The complaint does not reveal how many times defendants served plaintiff gelatin.

not alleged personal participation in any constitutional violation.

## I.      Sovereign Immunity

Bruce argues that as an officer of the State of Kansas, he is entitled to sovereign immunity in his official capacity.  The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies and its officials acting in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 165-67 (1985), including actions arising under Section 1983, Klein v. Univ. of Kan. Med. Ctr., 975 F. Supp. 1408, 1415 (D. Kan. 1997).  As warden of a state correctional facility, Bruce enjoys sovereign immunity from claims against him in his official capacity.  See Taggart v. Oklahoma, 74 Fed. Appx. 880, 882 (10th Cir. 2003) (citing Eastwood v. Dep't of Corr., 846 F.2d 627, 632 (10th Cir. 1988)). Plaintiff alleges no facts by which the Court might find that such immunity has been waived or abrogated, and the Court therefore lacks jurisdiction over plaintiff's official capacity claim against Bruce.  See Kikumura v. Osagie, 461 F.3d 1269, 1299 (10th Cir. 2006).  Accordingly, the Court sustains the motion with respect to plaintiff's official capacity claims against him.

## II.     Personal Participation Under Section 1983

Bruce argues that plaintiff has not sufficiently alleged personal participation in any constitutional violation under Section 1983.  To state a claim under Section 1983, plaintiff must allege defendant's direct personal responsibility for the claimed deprivation of a constitutional right.  Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  In other words, personal participation is an essential allegation in a Section 1983 claim, and failure to allege that a government official was personally involved in violating plaintiff's constitutional rights is fatal to such claim.  Treff v. Barnes, 91 F.3d 160 (Table), 1996 WL 378857, at *1 (10th Cir. July 8, 1996) (citing Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)).  Where defendant is a supervisor, plaintiff must allege that defendant "personally directed

the violation or had actual knowledge of the violation and acquiesced in its continuance." Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996). Inaction may suffice to establish acquiescence by a supervisor in a constitutional violation. Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1153 (10th Cir. 2006) (tacit authorization of offending acts creates affirmative link to establish supervisor liability); Sellers v. Butler, No. 02-3055-DJW, 2005 WL 713571, at *8 (D. Kan. Mar. 29, 2005) (citing Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)) (inaction may demonstrate acquiescence under Section 1983).

It is well established that a prisoner has a First Amendment right to a diet which conforms with his sincerely held religious beliefs. Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002). Here, liberally construing the complaint, plaintiff alleges that Aramark violated this First Amendment right by serving him gelatin containing animal by-product and that Bruce learned of the alleged constitutional violation through the established grievance procedure and deliberately and recklessly ignored it. Taking these allegations as true, the Court cannot conclude beyond doubt that plaintiff can prove no set of facts which show that Bruce acquiesced in the alleged violation of plaintiff's First Amendment right to free exercise of religion. See Durham v. Lappin, No. 05-cv-01282-MSK-MEH, 2006 WL 2724091, at *10 (D. Colo. Sept. 21, 2006) (failure to resolve grievance involving known constitutional violation may constitute acquiescence in continued deprivation of constitutional right); Kendel v. Orr, 628 F. Supp. 326, 328-29 (D. Kan. 1985) (question of acquiescence involving duty created through grievance mechanism presents particularly factual inquiry). The Court therefore overrules the motion with respect to plaintiff's individual capacity claims against Bruce.

**IT IS THEREFORE ORDERED** that the Motion For Judgment On The Pleadings (Doc. #28) which Bruce filed April 4, 2007 be and hereby is **SUSTAINED IN PART**. Plaintiff's official capacity

claim for violation of the First Amendment is dismissed for lack of subject matter jurisdiction.

Plaintiff's individual capacity claim for violation of the First Amendment remains in the case.

Dated this 8th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge