**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **EMEL SMITH,**                )                                      | |
|                                              )                                      | |
|                       **Plaintiff,**       )                                      | |
|                                              )                                      **CIVIL ACTION** |
| **v.**                                     )                                      | |
|                                              )                                      **No. 06-3146-KHV** |
| **L. E. BRUCE, et al.,**       )                                      | |
|                                              )                                      | |
|                       **Defendants.**  )                                      | |
| _____) | |

**ORDER**

Emel Smith, *pro se*, brings suit against defendants including L.E. Bruce, warden of the state correctional facility at Hutchinson, Kansas, alleging violation of the First Amendment. On May 8, 2007, based on the Eleventh Amendment doctrine of sovereign immunity, the Court dismissed for lack of subject matter jurisdiction plaintiff's official capacity claims against Bruce. See Memorandum And Order (Doc. #45) at 3. This matter comes before the Court on plaintiff's Motion For Reconsideration (Doc. #53) filed May 23, 2007. For reasons stated below, the Court overrules the motion.

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Here, plaintiff does not argue any of the recognized grounds which support a motion to

reconsider. In support of his motion, plaintiff asserts that his knowledge of the law is limited because he proceeds *pro se* and that additional discovery would support his claim.[1] The Court notes, however, that as to official capacity claims, as warden of a state correctional facility, Bruce's entitlement to sovereign immunity under the Eleventh Amendment is well established. See Taggart v. Oklahoma, 74 Fed. Appx. 880, 882 (10th Cir. 2003) (citing Eastwood v. Dep't of Corr., 846 F.2d 627, 632 (10th Cir. 1988)). Because liberal construction of plaintiff's complaint and additional discovery will not change this holding, the Court overrules plaintiff's motion to reconsider.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #53) filed May 23, 2007 be and hereby is **OVERRULED**.

Dated this 31st day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] Plaintiff also cites Harlow v. Fitzgerald, 457 U.S. 800 (1982), and Manis v. Corr. Corp. of Am., 859 F. Supp. 302 (M.D. Tenn. 1994), in support of his motion. Because these cases address qualified immunity of government officials – not Eleventh Amendment sovereign immunity – they are not helpful to plaintiff's motion.