DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EMEL SMITH,**

                **Plaintiff,**

                                        CIVIL ACTION

v.

                                        No.  06-3146-KHV-DJW

**L. E. BRUCE, Warden Hutchinson**
**Correctional Facility, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Louis Bruce's Motion to Stay Discovery and Settlement Conference (doc. 58). Defendant seeks to stay discovery and the July 9, 2007 settlement conference, until the Court has ruled on Defendant's pending Motion for Summary Judgment (doc. 56). For the reasons set forth below, the Court will grant the Motion.

The Court finds a stay to be appropriate given that Defendant's Motion for Summary Judgment raises issues as to qualified immunity. It is well settled that A defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[1]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out

---

[1] *Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

lawsuit."[2]  The Supreme Court has made it clear that until the threshold question of qualified immunity is resolved, discovery should not be allowed.[3]

For the reasons cited above, Defendant's Motion to Stay (doc. 58) is granted.  All discovery, and pretrial and Rule 26 proceedings, except for briefing on Defendant's Motion for Summary Judgment (doc. 56), are stayed as to all parties, until such time as the Court has ruled on the Motion for Summary Judgment.  <u>In addition, the settlement conference scheduled for July 9, 2007 is cancelled.</u>

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of July, 2007.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[2]*Id*., 500 U.S. at 232.

[3]*Id*. at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).