IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EMEL SMITH,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | CIVIL ACTION | |
| v. ) | | |
| ) | No. 06-3146-KHV | |
| **L. E. BRUCE, et al.,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| _____) | | |

**MEMORANDUM AND ORDER**

Emel Smith, *pro se*, alleges that L.E. Bruce, warden of the state correctional facility at Hutchinson, Kansas ("HCF"), violated his rights under the First Amendment. On November 28, 2007, the Court found that plaintiff had not established a genuine issue of material fact whether Warden Bruce acquiesced in any First Amendment violation and granted summary judgment in his favor on grounds of qualified immunity. See Memorandum And Order (Doc. #72) at 7-9. This matter comes before the Court on plaintiff's Motion For Reconsideration (Doc. #79) filed December 21, 2007. For reasons stated below, the Court overrules the motion.

D. Kan. Rule 7.3(a) provides that motions to reconsider dispositive orders "must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." Because plaintiff filed his motion more than ten days after the Court entered its order, the Court considers his motion under Rule 60(b). See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992) (motion to reconsider filed more than ten days after judgment must be construed as motion pursuant to Rule 60(b)). Rule 60(b) permits the Court to grant relief from a judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based

>on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Court has discretion whether to grant or deny a motion to reconsider under Rule 60(b). See Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005) (Rule 60(b) motion reviewed for abuse of discretion). A motion for reconsideration is not an opportunity for the losing party to raise new arguments which could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).

Plaintiff does not raise any ground for reconsideration under Rule 60(b). Instead, he argues that the Court should reconsider because Warden Bruce has not produced requested discovery. In support of his argument, plaintiff attaches requests for production which he purportedly served on Warden Bruce on May 18, 2007. See Motion For Reconsideration (Doc. #79) at 5-6. Under D. Kan. Rule 26.3, "[a] party serving . . . discovery shall at the time of service file with the clerk a certificate of service stating the type of . . . discovery . . . , the date and type of service, and the party served." Here, the record does not contain a certificate of service regarding the requests for production, and does not otherwise indicate that plaintiff actually served the discovery on Warden Bruce. Moreover, the Court's scheduling order required plaintiff to file a motion to compel discovery within 30 days of the alleged default. See Scheduling Order (Doc. #30) filed April 11, 2007 at 8. Plaintiff did not do so. Plaintiff effectively seeks a discovery sanction against Warden Bruce without satisfying the procedural prerequisites. Because plaintiff is obligated to abide by local procedural rules, see Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (*pro se* litigant must follow same rules of procedure – including local rules – that govern other litigants), the motion is not well taken.

Even assuming that plaintiff had served the requests for production on Warden Bruce and had perfected his discovery grievance, the Court finds no basis for reconsideration. Plaintiff could have

-2-

raised this argument in opposition to Warden Bruce's motion for summary judgment. See Fed. R. Civ. P. 56(f) (court may deny motion for summary judgment where nonmoving party through affidavit shows that he cannot present facts essential to justify his opposition).  He chose not to.  Moreover, plaintiff does not explain how the evidence which he seeks in discovery would have changed the Court's ruling on the motion for summary judgment.  Plaintiff's First Amendment claim hinges on whether HCF served him Gelatin Type B (which uses animal byproducts as the firming agent) or vegetarian-friendly gelatin (which uses a seaweed derivative as the firming agent).  The only remotely pertinent request asks for "[a]ny and all purchasing bills that are dealing with gelatin for the last five (5) years." Motion For Reconsideration (Doc. #79) at 5.  This evidence would not necessarily reveal the ingredients of the gelatin which limits its probative value.  Further, the record contains uncontroverted evidence that Warden Bruce was not involved in purchasing food or reviewing its nutritional content.  As the Court previously noted, Warden Bruce is only liable for constitutional violations of which he knew and in which he acquiesced.  Because plaintiff's purported evidence would not reveal whether Warden Bruce knew that plaintiff had received Gelatin Type B and ignored that fact, it would not change the Court's conclusion that Warden Bruce is entitled to qualified immunity.  The Court therefore overrules the motion for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #79) filed December 21, 2007 be and hereby is **OVERRULED**.

Dated this 2nd day of January, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge