DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EMEL SMITH,**

                      **Plaintiff,**

v.

                                          **CIVIL ACTION**

                                          **No.  06-3146-KHV-DJW**

**ARAMARK CORRECTIONAL
SERVICES, LLC,**

                      **Defendant.**

## MEMORANDUM AND ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's Motion to Alter or Amend the Pretrial Order (doc. 113).  Plaintiff seeks to amend the pretrial order entered on May 20, 2008 to assert claims against Doug Neuschafer.  Although Plaintiff asserted claims against Mr. Neuschafer in the complaint, no claims or allegations were asserted against him in the pretrial order.  For the reasons set forth below, the Court denies Plaintiff's motion.

**I.     Background Facts**

Plaintiff filed this civil rights action pro se, asserting claims against L. E. Bruce, warden of the Hutchinson, Kansas Correctional Facility where Plaintiff is incarcerated; ARAMARK Correctional Services, LLC ("ARAMARK"); and Doug Neuschafer, ARAMARK's food service manager.  The Hutchinson Correctional Facility contracts with ARAMARK to provide meals to prisoners housed at its facility.  Plaintiff's complaint alleged that Defendants deprived him of a vegetarian diet in violation of his religious beliefs, by serving him gelatin that he alleges contained

animal by-products.[1]  In his complaint, Plaintiff asserted claims for violation of the Free Exercise Clause of the First Amendment, his Eighth Amendment right to be free of cruel and unusual punishment, and his Fourteenth Amendment right to equal protection.[2]

On March 23, 2007, the Court granted in part the Motions to Dismiss filed by all three Defendants, and dismissed the Eighth and Fourteenth Amendment claims against them.[3]  The First Amendment claims against them remained in the case.  On May 8, 2007, the Court dismissed the First Amendment claim against Defendant Bruce in his official capacity but held that Mr. Bruce remained subject to liability in his individual capacity for the alleged First Amendment violation. On November 28, 2007, the Court granted Mr. Bruce's Motion for Summary Judgment, entering judgment in his favor on the only claim remaining against him.[4]  On that same date, two new attorneys entered their appearance on behalf of ARAMARK.  Shortly thereafter, attorney Rodney Hoffman, who had previously represented both ARAMARK and Mr. Neuschafer, filed motions to withdraw, which the Court granted on December 5, 2007.  Upon Mr. Hoffman's withdrawal, Mr. Neuschafer was *pro se.*

A telephone scheduling conference was held on January 4, 2008.  ARAMARK's counsel and Plaintiff participated in that conference.  Mr. Neuschafer did not participate.  The Scheduling Order

---

[1] *See* Complaint (doc. 1).

[2] *Id.*

[3] *See* March 23, 2007 Mem. and Order (doc. 26).

[4] *See* November 28, 2007 Mem. and Order (doc. 72).

Case 5:06-cv-03146-KHV   Document 119   Filed 08/27/08   Page 3 of 10

set the Pretrial Conference for April 15, 2008.[5] It also set a deadline of April 8, 2008 for the submission of the parties' joint proposed pretrial order.

On April 11, 2008, counsel for ARAMARK e-mailed the Court, attaching a proposed pretrial order and indicating that he had not received any input from Plaintiff about the order. ARAMARK's proposed pretrial order did not contain any allegations or claims against Mr. Neuschafer.

Attached to the e-mail to the Court was a thread of e-mails between ARAMARK's counsel and the Hutchinson Correctional Facility, which indicated that ARAMARK's counsel had submitted a proposed version of the pretrial order to Plaintiff and that the Correctional Facility anticipated Plaintiff would be forwarding suggestions to counsel shortly. Later that same day, Plaintiff was able to correspond with ARAMARK's counsel, and he indicated that he had not had sufficient time to respond to the proposed pretrial order. Plaintiff also stated: " I object to the whole pretrial order especially [the sentence:] "This pretrial order shall supersede all pleadings and control the subsequent course of this case.'" Plaintiff's correspondence did not mention, or assert any objection to, the lack of allegations or claims against Mr. Neuschafer in ARAMARK's proposed version of the pretrial order.

On April 15, 2008, the Court held a telephone conference with Plaintiff and ARAMARK's counsel. Mr. Neuschafer did not participate in the conference. During the conference, Plaintiff indicated he had not participated in the preparation of the proposed pretrial order. Plaintiff raised no objection to the fact that Mr. Neuschafer was not participating in the conference. The Court determined it was necessary to continue the pretrial conference to May 1, 2008 so that Plaintiff could

---

[5]*See* January 4, 2008 Am. Scheduling Order (doc. 82).

provide his input into the proposed pretrial order. The Court's Order from the April 15, 2008 telephone conference stated as follows:

> Plaintiff is directed to make his revisions to Defendant's proposed Pretrial Order and to mail his revisions to Defendant's counsel in time for counsel to receive the revisions by April 25, 2008. Defendant's counsel shall submit the parties' joint revised proposed Pretrial Order to the Magistrate Judge by 5:00 p.m. on **April 29, 2008.**[6]

On April 24, 2008, Plaintiff faxed his proposed version of the pretrial order to the Court and ARAMARK's counsel. In that proposal, Plaintiff asserted no claims whatsoever against Mr. Neuschafer. The only mention of Mr. Neuschafer was in proposed Stipulation 4.c., wherein Plaintiff stated:

> [After complaining about the meals that were in violation of Plaintiff's vegetarian diet] [t]he Plaintiff then filed an inmate grievance pursuant to Kansas Department of Corrections guidelines on March 4, 2005. Aramark refused to answer said grievance until the inmate filed another grievance. Doug Neushafer [sic], an employee for Aramark responded to said grievance on March 21, 2005 (see exhibit 17) Martinez report <u>gelatin type b</u>, is made from beef bones and calf skin, bones or haran [sic] meat are prohibited for consumption of muslims.[7]

On April 29, 2008, ARAMARK's counsel submitted to the Court ARAMARK's proposed version of the pretrial order, along with Plaintiff's proposed version, which Plaintiff had previously faxed to the Court on April 24. Neither of those proposed versions contained any claims or allegations against Mr. Neuschafer.

The pretrial conference was held by telephone on May 1, 2008. ARAMARK appeared through its counsel, and Plaintiff appeared pro se. Mr. Neuschafer did not appear. There was no discussion regarding Mr. Neuschafer's failure to appear and no discussion of any claims against Mr.

---

[6] April 15, 2008 Order (doc. 100).

[7] Pl.'s April 24, 2008 Proposed Pretrial Order.

4

Neuschafer. At no time during the pretrial conference did Plaintiff indicate that he desired to assert any claims against Mr. Neuschafer. The Court directed the parties to revise the parties' submissions so that one joint pretrial order could be entered and instructed ARAMARK's counsel to submit it to the Court the following day, May 2, 2008.

On May 2, 2008, Plaintiff faxed objections and suggested revisions to the pretrial order to the Court and ARAMARK's counsel. While Plaintiff suggested that certain language be inserted into the pretrial order[8] and he objected to certain provisions,[9] he made no request to assert any claims against Mr. Neuschafer and he did not object to the absence of claims against Mr. Neuschafer. Later in the day on May 2, 2008, ARAMARK's counsel submitted, pursuant to the Court's May 1 instructions, a modified version of the pretrial order. He attached a copy of Plaintiff's May 2, 2008 fax, and indicated that ARAMARK did not agree to any of Plaintiff's proposed revisions.

The Court reviewed ARAMARK's and Plaintiff's submissions and forwarded a finalized version of the pretrial order to the District Judge for her approval and filing. No allegations or claims were asserted against Mr. Neuschafer in the pretrial order, as Plaintiff never proposed or requested that any allegations or claims against him be included in the pretrial order. The District Judge approved, signed, and filed the pretrial order on May 20, 2008.[10]

---

[8]For example, Plaintiff indicated that he wanted the following language inserted into the first page of the pretrial order: "Pursuant to Fed. R. Civ. P. 16(d), after any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it."

[9]Plaintiff indicated he objected to the reference to D. Kan. Rule 16.2(c) because he (erroneously) believed that it had been repealed.

[10]*See* Pretrial Order (doc. 106).

On July 31, 2008, the District Judge entered an order overruling ARAMARK's motion for summary judgment.[11] In her order, Judge Vratil noted that the pretrial order asserted no claims against Mr. Neuschafer. She therefore dismissed him from the action. Judge Vratil stated:

> In addition to Aramark, the complaint names Doug Neuschafer, former Aramark food service manager. The pretrial order, however, does not include any claims against Neuschafer. *See* Pretrial Order (Doc. #106) filed May 20, 2008. Specifically, Aramark is the only defendant which appears in the pretrial order, and plaintiff's theory of recovery alleges a claim against a singular defendant. *See id.* at 4-5. Because the pretrial order is the controlling document for trial, claims not included in that document are waived even if they appeared in the complaint. . . . For this reason, the Court finds that plaintiff has abandoned his First Amendment claim against Neuschafer and dismisses him from the case.[12]

On August 18, 2008, Plaintiff filed the instant motion, asking the Court to alter or amend the pretrial order "to now include Doug Neushafer [sic]" in the action.[13] Plaintiff states that the undersigned Magistrate Judge "instructed plaintiff and defendants that Aramark Correctional Services were the only defendants pertaining to the . . . action."[14] Plaintiff contends that he was "not aware that he was to include Doug Neushafer [sic] on motion separately."[15]

### B.    Standard for Ruling on a Motion to Amend the Pretrial Order

Federal Rules of Civil Procedure 16(d) and (e) govern pretrial orders. Subsection (d) provides that after any pretrial conference, "the court should issue an order reciting the action

---

[11]July 31, 2008 Order (doc. 112).

[12]*Id*. at p. 1, n.1 (citations omitted).

[13]Pl.'s Mot. to Alter or Amend (doc. 113) at p. 1.

[14]*Id.*

[15]*Id.*

6

taken."[16]  It further provides that such an order "controls the course of the action unless the court modifies it."[17]  Subsection (e) states that "the court may modify the order issued after a *final* pretrial conference only to prevent manifest injustice."[18]

As the Tenth Circuit has clearly stated, a pretrial order entered pursuant to Rule 16 "supersedes the pleadings and controls the subsequent course of litigation."[19]  The purpose of the pretrial order is "to insure the economical and efficient trial of every case on its merits without chance or surprise."[20]  The party moving to amend the pretrial order bears the burden to prove that manifest injustice would occur if amendment is not allowed.[21]  The decision to modify the pretrial order lies within the trial court's discretion.[22]

The Tenth Circuit has indicated that a court, in exercising its discretion when ruling on a motion to amend the pretrial order, may consider the following factors:  "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3)

---

[16]Fed. R. Civ. P. 16(d).

[17]*Id.*

[18]Fed. R. Civ. P. 16(e) (emphasis added).  Rule 16.2 of the Rules of Practice of the U.S. District Court for the District of Kansas is patterned after Fed. R. Civ. P. 16, and provides that the pretrial order, when approved by the Court and filed, controls the subsequent course of the trial unless modified by the consent of the parties and court, or by an order of the Court to prevent manifest injustice.

[19]*Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997) (citing *Hullman v. Bd. of Trustees*, 950 F.2d 665, 668 (10th Cir. 1991)).

[20]*Smith v. Ford Motor Co.*, 626 F.2d 784, 795 (10th Cir. 1980) (quoting *Case v. Abrams*, 352 F.2d 193, 195 (10th Cir. 1965)).

[21]*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2003); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

[22]*Davey*, 301 F.3d at 1208; *Koch*, 203 F.3d. at 1222.

7

disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[23]  The timing of the motion to amend in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.[24]

While these principles apply to the introduction of a new *issue* into the case rather than a *party*, they are nevertheless instructive here.  The Court will therefore consider these factors as they would apply to Plaintiff's proposed amendment to add Mr. Neuschafer back into the case.

The Court finds that Mr. Neuschafer would be prejudiced by his inclusion in the lawsuit, after he has already been dismissed from the case, particularly after Plaintiff failed to file a timely motion for reconsideration or Rule 59(e) motion for relief from Judge Vratil's July 31, 2008 Order dismissing Mr. Neuschafer.[25]  Allowing Plaintiff to add Mr Neuschafer back into the case at this late date would also disrupt the orderly and efficient trial of the case, as trial is less than two months away.  Inclusion of Mr. Neuschafer would require the parties to submit a new pretrial order, one that would include new contentions, theories of recovery, defenses, and essential elements of the new claims and defenses.  A new pretrial conference would need to be held and the trial continued once again.[26]

---

[23]*Davey,* 301 F.3d at 1210 (quoting *Koch,* 203 F.3d at 1222).

[24]*Davey*, 301 F.3d at 1210; *Koch*, 203 F.3d at 1223.

[25]D. Kan. Rule 7.3(a) requires that any motion for reconsideration of a dispositive order be treated as a motion under Fed. R Civ. P. 59(e).  That rule in turn provides that any motion "to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."

[26]Trial was initially set for January 8, 2008.  Trial was continued to October 21, 2008 in the Court's January 4, 2008 Amended Scheduling Order (doc. 82).

8

The final factor the Court should consider is whether Plaintiff has acted in bad faith. This factor takes into consideration whether the party moving to amend has acted willfully.[27] While there is no clear evidence of bad faith here, the fact remains that Plaintiff was aware that he had asserted claims against Mr. Neuschafer in his complaint and that he did not assert any claims against Mr. Neuschafer in the pretrial order. While Plaintiff may have believed that Mr. Neuschafer was no longer in the case, the Court made no misrepresentations to Plaintiff about Mr. Neuschafer's status and no order had been issued dismissing him from the case.

Because the pretrial order supercedes the complaint and becomes the controlling document for trial, "[t]he preparation of a pretrial order requires careful attention and review by the parties and their attorneys."[28] Plaintiff had numerous opportunities to assert claims and allegations against Mr. Neuschafer in the pretrial order; however, he failed to take advantage of those opportunities. Plaintiff's pro se status does not excuse his failure to meet his obligation to plead his factual and legal theories in the pretrial order and to comply with the other requirements of the Federal Rules of Civil Procedure.[29] While this Court will liberally construe pro se pleadings, a party's pro se status

---

[27]*See Davey*, 301 F.3d at 1212 ("Finally, the court must consider the bad faith or willfulness" of the party moving to amend the pretrial order); *Lara v. Unified School Dist*. 501, No. 06-4145-RDR, 2008 WL 920596, at *3 (D. Kan. Apr. 3, 2008) (analyzing plaintiff's motivation in filing motion to amend to determine whether he acted in bad faith or willfully).

[28]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

[29]See *Lappin v. Gwatrney*, No. CIV. A. 99-2292-KHV, 2000 WL 1532765, at *7 (D. Kan. Sept. 18, 2000) ("Defendants' *pro se* status does not excuse their obligation to reveal their factual and legal theories in the pretrial order and comply with the other requirements of the Federal Rules of Civil Procedure.") (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)).

&#x20;

does not excuse the obligation that every litigant has to comply with the fundamental requirements of the Federal Rules of Civil Procedure.[30]

In light of the above, the Court does not find that Plaintiff has satisfied his burden to show that his proposed amendment to the pretrial order is necessary to prevent "manifest injustice."  The Court therefore denies his motion to amend the pretrial order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend the Pretrial Order (doc. 113) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of August, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:	All counsel and *pro se* parties

---

[30]*Ogden*, 32 F.3d at 455.