## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EMEL SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 06-3146-KHV** |
| **KANSAS DEPARTMENT OF** ) | |
| **CORRECTIONS, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### <u>ORDER</u>

This matter comes before the Court on plaintiff's objection to the magistrate judge's order denying his second motion to appoint counsel. <u>See</u> <u>Motion to Appoint Counsel</u> (Doc. #115). Plaintiff filed his original motion to appoint counsel on April 20, 2007. <u>See</u> <u>Motion to Appoint Counsel</u> (Doc. #34). The magistrate granted plaintiff's motion to appoint counsel for the limited purpose of representing plaintiff at a scheduled settlement conference. <u>See</u> <u>Order</u> (Doc. #37) at 2. The settlement conference never occurred and counsel filed a motion to withdraw. <u>See</u> <u>Motion to Withdraw as Attorney</u> (Doc. #107). Plaintiff then filed a second motion for appointment of counsel on August 18, 2008. <u>See</u> <u>Motion to Appoint Counsel</u>. (Doc. #115). The magistrate denied the motion and plaintiff has objected. <u>See</u> <u>Order Denying Motion to Appoint Counsel</u>. (Doc #117).

### <u>STANDARD</u>

The Court reviews a magistrate judge's refusal to appoint counsel for a pro se prisoner in a civil case under an abuse of discretion standard. <u>See</u> <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir.1995). The applicant bears the burden of convincing the court that his claims has sufficient merit to warrant appointment of counsel. <u>McCarthy v. Weinberg</u>, 753 F.2d 836, 838

(10th Cir.1985). Only when lack of counsel results in "fundamental unfairness" to the applicant will the decision denying appointment of counsel be overturned. Id. at 839 (appointment of counsel proper for prisoner with multiple sclerosis attending court in a wheelchair with diminished ability to communicate).

Here, plaintiff has demonstrated no fundamental unfairness requiring the appointment of counsel.  The issues in this case are not complex and plaintiff is articulate and able to express the basis of his claims.  While plaintiff argues that he only has an eleventh grade education, he has no major physical or mental disability, and he has previously demonstrated the requisite knowledge to prosecute his claims.  Therefore, the magistrate's order denying appointment of counsel was not an abuse of discretion.

**IT IS THEREFORE ORDERED** that plaintiff's objection to the order denying plaintiff's motion to appoint counsel be and hereby is **OVERRULED**.

Dated this 7th day of October, 2008 at Kansas City, Kansas.

s/  Kathryn H. Vratil

KATHRYN H. VRATIL

United States District Judge